## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHAMARCUS STOCKTON,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br>Agency. | DOCKET NUMBER<br>DA-0752-13-1025-I-3<br><br><br>DATE: October 9, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Michael D.J. Eisenberg, Esquire, Washington, D.C., for the appellant.

Craig Paulson, Esquire, Texarkana, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order. Specifically, we find that the administrative judge failed to address the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's affirmative defense of retaliation for prior equal employment opportunity (EEO) activity. We therefore remand the appeal for adjudication of that affirmative defense and a new assessment of the agency's penalty determination, if necessary.

## BACKGROUND

¶2      The appellant was employed as an Information Technology Specialist (Network/Infosec). *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-I-1, Initial Appeal File (I-1 IAF), Tab 3 at 8. The agency proposed his removal based upon charges of: (1) providing the agency with an altered email to support his assertion that he applied, but failed to receive consideration, for a positon at the agency; and (2) lack of candor when he said that a computer glitch was the source of the altered email. *Id*. at 55. The appellant replied both orally and in writing to the proposal. *Id*. at 15-28. The agency sustained the charges and removed the appellant from Federal service. *Id*. at 9-11.

¶3      The appellant alleged that he applied for a noncompetitive promotion but that the agency denied that he applied for the position. *See id*. at 101. The appellant stated that he inquired as to whether his name was included on the referral list for the promotion and, upon hearing that the agency could not locate his application, he submitted both what he claimed was an acknowledgment letter indicating that he had applied for the position as well as a screen shot indicating that the status for his application to the position was unavailable. *See id*. at 84, 101; *Stockton v. Department of the Army*, MSPB Docket No. DA-0752-13-1025-I-3, Initial Appeal File (I-3 IAF), Tab 5 at 19-20. The appellant also filed an EEO complaint in which he asserted that he was not selected for the promotion because of discrimination based upon his race and age.[2] I-3 IAF, Tab 5 at 33-37. The agency ordered an inquiry to determine whether the appellant submitted altered or falsified documents in an attempt to obtain eligibility for consideration

_____

[2] The appellant subsequently withdrew his EEO complaint. I-3 IAF, Tab 5 at 26.

for the promotion.  I-1 IAF, Tab 3 at 57-61.  The appellant told the inquiry officer and another agency employee that he failed to receive consideration for the promotion because of a computer glitch.  *Id*. at 58; I-3 IAF, Tab 5 at 65.  After conducting the inquiry, the inquiry officer concluded that preponderant evidence established that the appellant submitted an altered acknowledgment letter in an attempt to obtain eligibility for consideration for the promotion and that the appellant's assertion that a computer glitch had affected only his application submission and acknowledgment letter was not credible.  I-1 IAF, Tab 3 at 60.  The appellant's removal followed.  *Id*. at 9-11.

¶4      The appellant challenged the removal before the Board, asserting, inter alia, that:  (1) the agency should not have sustained the charges; (2) the agency failed to prove a sufficient nexus between the alleged misconduct and his employment; (3) the penalty was too severe and unreasonable given the mitigating circumstances in the case; and (4) the agency committed a prohibited personnel practice under 5 U.S.C. § 2302(b)(1) when it proposed his removal and issued a removal decision in retaliation for his involvement in protected activity.  I-1 IAF, Tab 1.  He requested a hearing.  *Id*.

¶5      After holding the requested hearing, the administrative judge found that (1) the appellant provided an altered email to support his assertion that he applied for, but failed to receive consideration for, a promotion; (2) the appellant lacked candor when he stated that a computer glitch was the source of the altered  email; (3) disciplinary action for the cited misconduct promoted the efficiency of the service; and (4) the penalty of removal was within the tolerable bounds of reasonableness.  I-3 IAF, Tab 30, Initial Decision (ID) at 2-9.  The appellant has timely petitioned for review.  Petition for Review (PFR) File, Tab 1.  He asserts, inter alia, that the administrative judge improperly sustained the lack of candor charge because the agency failed to prove the element of deception necessary for the charge.  *Id*. at 5-7.  He also asserts that the agency failed to prove that he had knowledge that the document he submitted was altered.  *Id*. at 7.  In further

support of his assertion that the administrative judge erred in sustaining the charges, the appellant challenges the thoroughness and competence of the agency's investigation. *Id*. at 6-7, 14. The appellant additionally asserts that the administrative judge failed to address his affirmative defense of EEO retaliation. *Id*. at 8-9. Finally, the appellant challenges the penalty determination.[3] *Id.* at 9-15. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly sustained the charge that the appellant provided an altered email to support his assertion that he applied for a promotion.</u>

¶6      As noted above, the administrative judge found that the agency had shown by preponderant evidence that the appellant submitted an altered email under the guise of an authentic email in support of his contention that he had applied for a promotion. ID at 5. On review, the appellant argues that the agency failed to prove that he had knowledge that the document he submitted was altered. PFR File, Tab 1 at 7. For the reasons discussed below, we agree with the administrative judge that the agency proved the charge.

¶7      We find that the agency's charge of providing an altered email is essentially a charge of falsification. To establish a charge of falsification, the agency must prove by preponderant evidence that the appellant: (1) supplied wrong information; and (2) knowingly did so with the intention of (a) defrauding, deceiving, or misleading the agency, and (b) defrauding the agency for his own

---

[3] The appellant asserts that the agency failed to conduct a nationwide search for comparators. PFR File, Tab 1 at 12-13. We find that this bare assertion is insufficient to state a claim of disparate penalties. *See Lewis v. Department of Veterans Affairs*, 111 M.S.P.R. 388, ¶ 8 (2009) (holding that an agency's obligation to justify different treatment is triggered where an employee has raised an allegation of disparate penalties in comparison to specified employees).

personal gain.[4]  *Parker v. Department of Veterans Affairs*, [122 M.S.P.R. 353](#), ¶ 10 (2015) (citing *Haebe v. Department of Justice*, [288 F.3d 1288](#), 1305 (Fed. Cir. 2002)).

¶8        In sustaining the charge, the administrative judge relied, in part, on the testimony of agency witnesses, which he determined was more credible than the testimony of the appellant's witnesses.  ID at 5.  Specifically, the administrative judge credited the testimony of the Chief of Skills Development, who participated in the inquiry that led to the appellant's removal, that the appellant provided the agency with an acknowledgement letter to support consideration for a promotion and that, based upon review by the Office of Personnel Management (OPM) and the agency, this letter was determined to have been altered.  ID at 2-3, 5.  The administrative judge found that this testimony was credible because the Chief of Skills Development testified in a direct and straightforward manner, was sure of his facts, appeared truthful in his responses, and testified consistently on direct and cross-examination.  ID at 5.  The administrative judge further credited the testimony of an OPM Human Resources (HR) Specialist that the email that the appellant submitted was not generated by OPM.  ID at 4.  The administrative judge also found the OPM HR Specialist's testimony to be persuasive because she made an effort to understand questions, the testimony was consistent and direct, and she explained in detail why she believed the email had been altered.  ID at 6. Similarly, the administrative judge found that an OPM supervisor persuasively testified in a consistent, direct, and straightforward manner that a search of the agency's records during the relevant time period reflected that the appellant never completed an application for the position in question.  ID at 4, 6.

¶9        The administrative judge considered the testimony of the appellant's witnesses in support of his assertion that he had applied for the position and that

---

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  [5 C.F.R. § 1201.4](#)(q).

the email was authentic, but found that this testimony did not support the appellant's assertion. ID at 5-6. Specifically, the administrative judge found that, although a former agency employee, D.C., had signed a statement that she personally had confirmed receipt of the appellant's application for the position, D.C. testified at the hearing that another employee had actually obtained this information for her. ID at 6. The administrative judge noted S.M., the other employee identified by D.C., did not recall obtaining that information or D.C. asking her to do so. *Id.* The administrative judge also noted that the supervisory HR Specialist who supervised both D.C. and S.M. testified that neither she nor any of her staff could access applications in the Southwest Region, where the position in question was located. *Id.* The administrative judge found that this testimony was credible because it was direct and straightforward. *Id.* He therefore gave this testimony greater weight than that of D.C. *Id.*

¶10      The Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). More specifically, when a hearing was held, the Board will defer to the credibility determinations of an administrative judge when they are based, explicitly or implicitly, upon the observation of the demeanor of witnesses testifying at a hearing, because the administrative judge is in the best position to observe the demeanor of the witnesses and determine which witnesses were testifying credibly. *Haebe*, 288 F.3d at 1300-01. Here, we defer to the administrative judge's credibility determinations because they are explicitly based on the demeanor of the witnesses at the hearing.

¶11      Because he found that the agency's witnesses were more persuasive, the administrative judge concluded that preponderant evidence supported the agency's charge that the appellant provided an altered email to support his

assertion that he applied, but failed to receive consideration, for the position.  ID at 6.  We agree that preponderant evidence supports the charge.

¶12    The appellant argues that the agency failed to prove that he knew the document he submitted was altered.  PFR File, Tab 1 at 7.  The intent to defraud may be established by circumstantial evidence.  *Parker*, 122 M.S.P.R. 353, ¶ 10.  Therefore, the Board may consider plausible explanations for why an appellant provided incorrect information.  *Scheffler v. Department of Army*, 117 M.S.P.R. 499, ¶ 4 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013).  Likewise, the absence of a credible explanation for the incorrect information can constitute circumstantial evidence of intent to deceive.  *Id.*

¶13    Here, the administrative judge found, and we agree, that the appellant provided no evidence or explanation to support his contention that he did not know that the document he submitted was altered.  *See* ID at 6.  Our review of the discrepancies between the acknowledgment letter submitted by the appellant and the acknowledgment letter received by other applicants for the same position further supports our finding.  *See* I-3 IAF, Tab 28 at 23-24, 32-33.  The altered document is similar to an acknowledgment letter that the appellant received on Friday, September 28, 2012, for another position.  *See id.* at 18-19.  In addition, although both acknowledgment letters state they were sent on a Friday, the document the appellant submitted states that it was sent on September 29, 2012— a day after the other acknowledgment letter.  *Id.* at 18-19, 32.  Although the appellant could have submitted an original dated email of the acknowledgment letter that he alleged to have received, which would have supported his assertion that he did not falsify it, he instead submitted copies of the acknowledgment letter in the context of a reply and forwarded email.  *See, e.g.*, *id.* at 32-33.  Thus, we find that the evidence does not support the appellant's assertion that he did not have knowledge that the email he sent was altered.  We find that the elements of falsification are met here because the administrative judge found, and we agree, that the appellant knowingly supplied wrong information in the form of the

altered document with the intent to defraud the agency for his own personal gain in the form of obtaining consideration for the promotion.[5]  *See Parker*, 122 M.S.P.R. 353, ¶¶ 10, 16.  We therefore find that the administrative judge properly sustained the first charge.  *See Scheffler*, 117 M.S.P.R. 499, ¶¶ 7-8 (determining that the appellant's false statements were knowing and intentional rather than the result of an honest mistake, despite his claim that he could have honestly but erroneously relied on an altered document).

The administrative judge properly sustained the lack of candor charge.

¶14       As noted above, the administrative judge concluded that the agency showed by preponderant evidence that the appellant lacked candor when he claimed that the altered email was the result of a computer glitch.  ID at 7-8.  The appellant asserts that the administrative judge improperly sustained the lack of candor charge.  PFR File, Tab 1 at 5-7 (citing *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002)).  For the reasons discussed below, we agree with the administrative judge that the agency also has proved the lack of candor charge.

¶15       While falsification involves an affirmative misrepresentation, lack of candor is a broader and more flexible concept.  *Ludlum*, 278 F.3d at 1284.  Its contours and elements depend upon the particular context and conduct involved.  *Id*.  When an underlying misconduct charge has been proven, a lack of candor charge also must be sustained on the basis of the appellant's failure to respond truthfully or completely when questioned about matters relating to the proven misconduct.  *Id*. (quoting *Gootee v. Veterans Administration*, 36 M.S.P.R. 526, 529 (1988)).

¶16       The administrative judge credited the affidavit of a former agency employee and the testimony of the inquiry officer that the appellant stated that a computer

---

[5] The administrative judge did not specify whether he considered the charge under a falsification standard or a lack of candor standard.  *See* ID at 2-6.  However, because we sustain the charge based upon the higher standard of falsification, any confusion in this respect is harmless.

glitch caused the discrepancy between his acknowledgment letter and that of other applicants. ID at 7; *see* I-3 IAF, Tab 5 at 65. The administrative judge found that the appellant did not dispute making these statements. ID at 7. He further found that the appellant's claim that the discrepancy was caused by a computer glitch was undermined by the credible testimony of agency witnesses and the fact that there was no evidence that the appellant even completed an application for the position in question. *Id*. We see no reason to disturb these findings.[6]

¶17    The appellant, however, asserts that the administrative judge improperly sustained the lack of candor charge because the agency failed to prove the element of deception necessary for this charge. PFR File, Tab 1 at 5-7 (citing *Ludlum*, 278, F.3d at 1284). We disagree. In *Ludlum*, the U.S. Court of Appeals for the Federal Circuit stated, "Although lack of candor necessarily involves an element of deception, 'intent to deceive' is not a separate element of that offense—as it is for 'falsification.'" *Id*. at 1284-85. We agree with the administrative judge that the appellant knew the discrepancies in his acknowledgment letter were not caused by a computer glitch, but nevertheless stated that the glitch had caused the discrepancies. *See* ID at 5-7. Therefore, the appellant's statements concerning the computer glitch contained an element of deception. *See Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 10 (2012) (finding that *Ludlum* requires the agency to produce some evidence that the appellant's actions, under the circumstances, involved an element of deception), *overruled on other grounds by Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015). Additionally, as previously discussed, in cases

---

[6] The administrative judge found that the record also supported the conclusion that the appellant knowingly supplied incorrect information with the intention of deceiving the agency. ID at 7-8 (citing *Prather v. Department of Justice*, 117 M.S.P.R. 137, ¶ 17 (2011)). Because we find that the agency proved the charge of lack of candor, we need not address this finding to the extent that it was intended as an additional finding of falsification.

such as this one, where an underlying misconduct charge has been proven, a lack of candor charge also must be sustained based on the appellant's failure to respond truthfully when questioned about matters relating to the proven misconduct. *Ludlum*, 278 F.3d at 1284. Accordingly, we find that the administrative judge properly sustained the lack of candor charge.[7] *See Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 20 (2009) (finding that the agency proved the appellant's lack of candor during an investigation where the Board sustained the charge for the misconduct that was the subject of the investigation).

The agency established nexus.

¶18      The administrative judge found that the agency's disciplinary action promoted the efficiency of the service. ID at 8. The appellant has not challenged this finding on review, and we see no reason to disturb it because removal for falsification of documents has consistently been found to be for such cause as will promote the efficiency of the service. *See, e.g.*, *Trybul v. Department of the Army*, 22 M.S.P.R. 290, 292 (1984), *aff'd*, 776 F.2d 1059 (Fed. Cir. 1985) (Table).

It is necessary to remand the appeal for further adjudication of the appellant's EEO retaliation claim.

¶19      When an appellant raises an affirmative defense in an appeal either by checking the appropriate box in an appeal form, identifying an affirmative defense by name, or by alleging facts that reasonably raise such an affirmative defense, the administrative judge must address the affirmative defense in any close of record order or prehearing conference summary and order. *Gath v. U.S.*

---

[7] The appellant challenges the agency's investigation of the charges. PFR File, Tab 1 at 6-7, 14. The Board has held that an agency does not have a duty to investigate the appellant's misconduct before proposing his removal, but only to make reasonable inquiries into exonerating facts brought to its attention by an appellant before removing him. *Uske v. U.S. Postal Service*, 60 M.S.P.R. 544, 550 (1994), *aff'd*, 56 F.3d 1375 (Fed. Cir. 1995). Therefore, the thoroughness or lack of thoroughness of the agency's investigation is not a proper basis for not sustaining the agency's charges. *Id*.

*Postal Service*, 118 M.S.P.R. 124, ¶ 11 (2012).  Even if an appellant expresses the intention to withdraw such an affirmative defense, the administrative judge must, at a minimum, in the close of record order or prehearing conference summary and order, identify the affirmative defense, explain that the Board will no longer consider it when deciding the appeal, and give the appellant an opportunity to object to the withdrawal of the affirmative defense.  *Id.*

¶20    Here, the appellant asserted in his initial appeal that the agency committed a prohibited personnel practice under 5 U.S.C. § 2302(b)(1) when it proposed his removal and issued a removal decision in retaliation for his involvement in protected activity.  I-1 IAF, Tab 1.  The appellant was not informed of his burden for establishing the affirmative defense.   The administrative judge issued a prehearing conference summary, in which he stated that the appellant was not asserting any affirmative defenses, but it did not state that the appellant had abandoned his affirmative defense of EEO retaliation.  I-3 IAF, Tab 19 at 1. Although he was given an opportunity to respond to the summary, *id.* at 3, the appellant, who was represented by counsel, failed to do so.  The initial decision did not address his affirmative defense.  *See* ID.  On petition for review, the appellant now asserts that the administrative judge failed to adjudicate his claim of EEO retaliation.  PFR File, Tab 1 at 8-9.  Accordingly, we find that the administrative judge did not give the appellant proper notice regarding his affirmative defense and it thus is necessary to remand the appeal for further adjudication of the affirmative defense.  *See Gath*, 118 M.S.P.R. 124, ¶ 12.

¶21    Because an adverse action is sustainable only if the appellant cannot establish his affirmative defenses, we vacate the administrative judge's initial decision sustaining his removal and remand the appeal for further development of the record on the appellant's affirmative defense of EEO retaliation.  *See, e.g.*, *Viana v. Department of the Treasury*, 114 M.S.P.R. 659, ¶ 8 (2010).  If, after remand, the administrative judge denies the appellant's affirmative defense, he

may readopt the previous findings concerning the agency's charges and the reasonableness of the penalty.  *Id.*

## ORDER

¶22     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.